**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000603
17-JAN-2013
09:42 AM**

NO. CAAP-12-0000603

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

DAVID W. SWIFT, JR., and LOIS F. SWIFT,
Plaintiffs/Appellees/Cross-Appellants,
v.
CATHERINE SWIFT and JAY NELSON,
Defendants/Appellants/Cross-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-0567)

ORDER DISMISSING APPEAL AND
CROSS-APPEAL FOR LACK OF JURISDICTION
(By: Foley, Presiding Judge, Fujise and Ginoza, JJ.)

Upon review of the record on appeal, it appears that we do not have jurisdiction over this appeal that Defendants/Appellants/Cross-Appellees Catherine Swift (Appellant Catherine Swift) and Jay Nelson (Appellant Jay Nelson) have asserted from the Honorable Karen T. Nakasone's June 13, 2012 amended judgment, because the June 13, 2012 amended judgment does not satisfy the

requirements for an appealable final judgment under Hawaii Revised Statutes (HRS) 641-1(a) (1993 & Supp. 2011), Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." The Supreme Court of Hawai'i requires that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" <u>Jenkins</u>, 76 Hawai'i at 119, 869 P.2d at 1338. "Thus, based on <u>Jenkins</u> and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." <u>Carlisle v. One (1) Boat</u>, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). Furthermore,

> <u>if a judgment purports to be the final judgment in a case involving multiple claims</u> or multiple parties, <u>the judgment</u> (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) <u>must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified</u>[.]

<u>Jenkins</u>, 76 Hawai'i at 119, 869 P.2d at 1338 (emphases added). "For example: 'Pursuant to the jury verdict entered on (date), judgment in the amount of $___ is hereby entered in favor of Plaintiff X and against Defendant Y <u>upon counts I through IV of the complaint</u>.'" <u>Id.</u> at 119-20 n.4, 869 P.2d at 1338-39 n.4

(emphasis added). When interpreting the requirements for a judgment under HRCP Rule 58, the Supreme Court of Hawai'i has noted that

> [i]f we do not require a judgment that resolves on its face all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality[.]

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (original emphasis). Although Plaintiffs/Appellees/Cross-Appellants David W. Swift, Jr., and Lois F. Swift's March 23, 2011 complaint asserts six separate and distinct counts against Appellant Catherine Swift and Appellant Jay Nelson, the June 13, 2012 amended judgment does not specifically identify whether the circuit court intends to enter judgment on all six counts in the March 23, 2011 complaint or merely some of the six counts in the March 23, 2011 complaint. Although the June 13, 2012 amended judgment concludes with a statement that "[t]here are not further parties, claims or issues remaining in this case,]" the Supreme Court of Hawai'i has specifically explained that

> [a] statement that declares "there are no other outstanding claims" is not a judgment. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Jenkins, 76 Hawai'i at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphasis added). Because the June 13, 2012 amended judgment does not specifically identify the claim or claims on which the circuit court intends to enter judgment in this multiple-claim case, the June 13, 2012 amended judgment does not satisfy the

requirements for an appealable final judgment under HRCP Rule 58 and the holding in <u>Jenkins</u>. "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, <u>on its face</u>, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." <u>Jenkins</u>, 76 Hawai'i at 119, 869 P.2d at 1338 (original emphasis).

Absent an appealable final judgment in this case, the appeal and cross-appeal are premature and we lack jurisdiction over appellate court case number CAAP-12-0000603. Therefore,

IT IS HEREBY ORDERED that appellate court case number CAAP-12-0000603 is dismissed for lack of jurisdiction.

DATED: Honolulu, Hawai'i, January 17, 2013.

Presiding Judge

Associate Judge

Associate Judge